No. 4.—WILLIAM DANIEL, claimant, plaintiff in error, *vs.* SPALDING, THOMAS & VAIL, plaintiffs in *fi. fa.* defendants in error.

W. executed to plaintiffs in *fi. fa.*, a mortgage upon a house and lot in the city of Columbus, dated 1st of January, 1854. The mortgage *fi. fa.* issued 1st of July, 1856. D. had a deed from the Sheriff of Muscogee county, for the premises, which he bought at a sale made by the Sheriff, under a general judgment, younger than the mortgage, but obtained before the foreclosure of the mortgage, the judgment being dated the 1st of June, 1855. D. offered to prove that G. held a mechanic's lien upon said house and lot for $2,000, unpaid at the time claimant purchased, and that he had not received any notice from the mortgagee (other than through the registry of the mortgage under the statute,) of the mortgage.

*Held*, That the testimony tendered was irrelevant to the issue.

Foreclosure and Claim, in Muscogee Superior Court. Decision by Judge WORRILL, May Term, 1857.

This case was heard upon the following agreed statement of facts.

James D. Williford executed to plaintiffs in *fi. fa.*, a mortgage upon a certain house and lot in the City of Columbus, dated 1st January, 1854. This mortgage was foreclosed and the mortgage *fi. fa.* issued 1st July 1856. At the time the mortgage was executed, the mortgagor was in possession of the property and had a right to make the mortgage. Claimant has a deed from the Sheriff of Muscogee county, for said

house and lot, which he bought at a sale made by the Sheriff under a general judgment younger than the mortgage, but obtained before the foreclosure of the mortgage. The judgment being dated 1st June, 1855.

Claimant, under this state of facts, offered to prove that R. E. Goetchieus held a mechanic's lien upon said house and lot for $2,000, in force at the time claimant purchased, and that he had not received any notice from the mortgagee (other than through the registry of the mortgage under the statute) of the existence of the mortgage.

Plaintiff in *fi. fa.* objected to this evidence as irrelevant ; the Court sustained the objection and repelled the testimony, and claimant excepted.

R. J. MOSES, for plaintiff in error.

E. G. DAWSON; and WELLBORN, JOHNSON & SLOAN, for defendants in error.

*By the Court.*—LUMPKIN, J. delivering the opinion.

Whatever may be the rights of Goetchieus, the carpenter, under the Act of 1834, (*Cobb* 555,) we are clear that the Court was right in holding, that they could not be invoked by the claimant to support his title in the present issue. The only question being, not whether the mechanic's lien was good, but whether the purchaser at Sheriff's sale, under a junior common law judgment could be protected against an older mortgage lien, duly recorded?

The testimony tendered was irrelevant to this issue, and properly excluded.

Judgment affirmed.